IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DWIGHT W. JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 1:23cv199 |
| MICHAEL MORIARITY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dwight W. Johnson, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Michael Moriarity, Curtis White and Sandra Harvey. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff alleges defendants Harvey and White failed to protect him and were deliberately indifferent to his serious medical needs. Defendants Harvey and White have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Harvey asks that the claims against her be dismissed in their entirety, while defendant White seeks dismissal of the failure to protect claim against him, as well as the medical care claim insofar as it relates to plaintiff's transfer to the Keagans Unit.[1]

Factual Allegations

On February 25, 2023, plaintiff was incarcerated at the Goodman Unit. Plaintiff alleges that around 3:00 in the afternoon, a fellow offender struck him in the mouth as he was returning to his bunk. He states the offender had a solid object of unknown origin in his hand as he struck plaintiff with a closed fist. Plaintiff states the offender was nearly half his age and a known gang member. Plaintiff, who is a minimum custody inmate, asserts the assault took place in a disciplinary dorm where medium and maximum level inmates should not be housed with minimum custody offenders.

---

[1] Plaintiff also asserts a medical claim against defendant White concerning the medical care he received after the assault.

Plaintiff states that in the days leading up to the assault, he had made it known to defendants Harvey and White that his housing assignment was incorrect. He states defendant Harvey, as chief of classification, knew that his housing assignment was incorrect but did nothing to correct the administrative error.

Plaintiff states that as a result of injuries to his face and teeth, he was scheduled to have emergency oral surgery at John Sealy Hospital in Galveston, Texas, on Monday, March 6, 2023. The doctor who ordered the oral surgery also placed him on a liquid diet, told him to use mouthwash twice a day to remove dried blood and prescribed medication for pain.

Defendant White took plaintiff to see the warden of the Goodman Unit around 2:00 pm on Friday, March 3. The warden said that due to the nature of his injuries and the offender who caused them, plaintiff was being transferred to another unit. Plaintiff states defendants Harvey and White knew he was scheduled for surgery on March 6. He asserts they refused to tell employees at the Keagans Unit, where plaintiff was transferred to, about the surgery.

When he arrived at the Keagans Unit, the first thing plaintiff told personnel there was that he was scheduled for surgery the following Monday. Plaintiff states he did not receive treatment while he was at the Keagans Unit. He states he was not sent to the hospital for surgery until March 20, two weeks later.[2]

## The Motion to Dismiss

The defendants assert that with respect to certain of the claims against them they are entitled to qualified immunity. As a result, they argue these claims should be dismissed.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief.

---

[2] Plaintiff includes additional allegations. However, the additional allegations are not relevant to the claims addressed in the motion to dismiss.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### *Qualified Immunity*

The doctrine of qualified immunity affords protection to officials against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Evaluating qualified immunity is a two-step process, with the plaintiff bearing the burden of showing that the defendant is not entitled to immunity. *Wyatt v. Fletcher*, 718 F.3d 496, 502 (5th Cir. 2013). First, the court must determine whether a plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736. Then, if a constitutional right was violated, the court must determine whether the right was clearly established at the time of the violation. *Freeman v. Tex. Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). A specific right is clearly established only if its contours "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir. 2000).

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense is not valid. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*). In the context of a motion to dismiss for failure to state a claim, the plaintiff's burden is discharged if "the plaintiff''s pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

*Failure to Protect*

A. <u>Legal Standard</u>

Plaintiff alleges Defendants Harvey and White failed to protect him from being assaulted by a fellow inmate. While prison officials have a duty under the Eighth Amendment to protect prisoners from other inmates, not all inmate-on-inmate violence rises to the level of a constitutional violation. *Adams v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An Eighth Amendment failure to protect claim consists of two components–one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). To satisfy the objective component, a plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.*; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). A plaintiff must also demonstrate the prison official was deliberately indifferent to that risk. *Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry. The plaintiff must establish that the defendant was aware of an excessive risk to the plaintiff's safety, yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Halgrove*, 312 F.3d 730, 734 (5th Cir. 2002). A negligent failure to protect a prisoner from assault does not constitute a constitutional violation. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

B. <u>Application</u>

Plaintiff alleges that in the days leading up to the assault, he made defendants Harvey and White aware that his housing assignment was incorrect. As set forth above, plaintiff contends that minimum security inmates such as himself should not be housed in the same area as medium and maximum security level inmates.

However, plaintiff does not state that he told defendants Harvey or White that the inmate who assaulted him, or any other inmate, had threatened him. While plaintiff states the inmate who assaulted him was a member of a gang, he does not state he told defendants Harvey or White that other members of that gang had threatened him. Finally, he does not state he told defendants Harvey or White that he knew the inmate who assaulted him had previously committed violent acts.

4

Based on plaintiff's allegations concerning what he told defendants Harvey and White, their failure to change his housing assignment could amount to no more than negligence. As negligence is insufficient to demonstrate deliberate indifference, plaintiff's allegations regarding his failure to protect claim fail to state a claim upon which relief may be granted. Defendants Harvey and White are therefore entitled to have this claim dismissed based on qualified immunity.

*Deliberate Indifference to Serious Medical Needs*

A. <u>Legal Standard</u>

To establish a violation of the Eighth Amendment to the Constitution based on the denial of medical care, a prisoner must allege a defendant was deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). As stated above, a defendant is deliberately indifferent to serious medical needs only if he knows an inmate faces a substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847 (1994); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Negligence or neglect does not rise to the level of a constitutional violation. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). In *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001), the Fifth Circuit described the deliberate indifference standard as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a clam for deliberate indifference. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs.

B. <u>Application</u>

Plaintiff states that as a result of his transfer to the Keagans Unit, his surgery was delayed. He asserts defendants Harvey and White did nothing to stop his transfer to the Keagans Unit or inform officials there of the scheduled surgery.

Plaintiff does not state defendants Harvey and White had the power to prevent him from being transferred to the Keagans Unit. Nor does he state they had reason to believe he could not be taken to Galveston from the Keagans Unit in time for the surgery to proceed as scheduled. Finally,

while plaintiff states defendants Harvey and White did not tell officials at the Keagans Unit about the surgery, he states he told officials there about the surgery as soon as he arrived. He also fails to state that his medical records, which would have apprised officials at the Keagans Unit of the surgery, were not sent along with him to the Keagans Unit.

The delay in plaintiff's surgery was unfortunate. However, his allegations fail to show that his failure to have his surgery as scheduled was the result of deliberate indifference on the part of defendants Harvey and White. As a result, plaintiff's allegations concerning his transfer to the Keagans Unit fail to state a constitutional violation. This claim should therefore be dismissed based on qualified immunity.

## Recommendation

The motion to dismiss should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 20th day of August, 2025.

_____
Zack Hawthorn
United States Magistrate Judge