| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DWIGHT W. JOHNSON,　§
　　　　　　　　　　　§
　　　　Plaintiff,　　　§
　　　　　　　　　　　§
versus　　　　　　　　§　　CIVIL ACTION NO. 1:23-CV-199
　　　　　　　　　　　§
MICHAEL MORIARITY, *et al*.　§
　　　　　　　　　　　§
　　　　Defendants.　　§

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dwight W. Johnson, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Michael Moriarity, Curtis White and Sandra Harvey. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that a motion to dismiss filed by defendants White and Harvey be granted. Defendant Harvey seeks dismissal of all claims against her, while defendant White seeks dismissal of the failure to protect claim against him, as well as the claim of deliberate indifference to serious medical needs to the extent it relates to plaintiff's transfer to the Keagans Unit.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

With respect to the failure to protect claim, plaintiff alleges he told defendants Harvey and White that his housing assignment was incorrect. He was subsequently assaulted by a fellow inmate. In his objections, plaintiff states defendant Harvey acknowledged that his housing

assignment was incorrect. He contends he should not have been placed in a section with inmates having a history of violence.

As the magistrate judge stated, a failure to protect claim requires that a defendant have acted with deliberate indifference. This requires allegations demonstrating a defendant was aware the plaintiff was subject to a substantial risk of serious harm and consciously disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 840-41 (1994). The magistrate judge concluded that as plaintiff failed to allege he told defendants Harvey or White he had been threatened by the inmate who assaulted him or any other inmate, or told them the inmate who assaulted him had previously committed violent acts, his allegations failed to demonstrate deliberate indifference.

The court agrees. While plaintiff now states defendant Harvey told him that under prison regulations he should not have been placed in the section where he was assaulted, this additional allegation fails to show defendant Harvey was aware of facts indicating plaintiff would be subject to a substantial risk of serious harm there. As plaintiff does not allege defendants Harvey or White were aware of a prior incident where the inmate who assaulted him had been violent, or that he had previously been threatened by this inmate, his allegations fail to show deliberate indifference. *Williams v. Nettles*, No. 23-30347, 2024 WL 3874396, at *2 (5th Cir. Aug. 20, 2024).

Plaintiff also alleges he was scheduled to have surgery in Galveston on March 6, 2023. He states that on March 3, in the presence of defendant White, the warden of his unit told him he was being transferred to the Keagans Unit. Plaintiff was not taken to Galveston for surgery on March 6. The surgery took place two weeks later. Plaintiff asserts defendants Harvey and White were deliberately indifferent to his serious medical needs because they did not prevent his transfer or inform officials at the Keagans Unit of the scheduled surgery.

The magistrate judge noted plaintiff failed to allege defendants Harvey and White had the power to prevent the transfer. Nor did he allege defendants Harvey and White were aware that his transfer would prevent him from being taken to Galveston in time for his scheduled surgery.

As a result, the magistrate judge concluded plaintiff's allegations failed to show deliberate indifference by defendants Harvey or White.

In his objections, plaintiff asserts he told the warden about his scheduled surgery but that the warden said he did not know anything about the surgery. He again alleges defendants Harvey and White knew about the surgery and did not attempt to prevent the transfer.

For the reasons stated by the magistrate judge, plaintiff's allegations fail to show deliberate indifference. There is no indication defendants Harvey or White had the power to stop plaintiff's transfer or that they were aware the transfer would interfere with the scheduled surgery.

## ORDER

Accordingly, the objections filed by plaintiff (#47) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#39) are correct, and the report of the magistrate judge is **ADOPTED**. The motion to dismiss (#28) is **GRANTED**. The following claims are **DISMISSED**: (1) all claims against defendant Harvey; (2) the failure to protect claim against defendant White; and (3) the deliberate indifference to serious medical needs claim against defendant White insofar as the claim relates to plaintiff's transfer to the Keagans Unit.

SIGNED at Beaumont, Texas, this 11th day of September, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE